538 F.2d 324
 13 Fair Empl.Prac.Cas. 1005,
12 Empl. Prac. Dec. P 11,017
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Equal Employment Opportunity Commission, Plaintiff-Appellee
v.
United States Fidelity and Guaranty Company, Defendant-Appellant.
 No. 75-2376.
 United States Court of Appeals, Fourth Circuit.
 June 29, 1976.
 
 Before BRYAN, Senior Circuit Judge, CRAVEN, Circuit Judge, and CLARKE, District Judge.*
 PER CURIAM.
 
 
 1
 United States Fidelity and Guaranty Company appeals the decision of the District Court enforcing a subpoena duces tecum against it in connection with charges that its employment practices discriminated upon the basis of race, sex, etc. in violation of sections 706 and 707 of the Civil Rights Act of 1964, 42 USC Secs. 2000e-5, 6.
 
 
 2
 Appellant contends that the Commission's charge is defective because it did not afford the Maryland Commission on Human Relations or the Baltimore Community Relations Commission a meaningful opportunity to determine whether to make a request for deferral as required by section 2000e-5(d) of the Act. It is further alleged that the complaint initiated by the Commission was not "related" to that brought by the private party and thus the two were improperly consolidated pursuant to the Commission's regulation at 29 CFR Sec. 1601.52. Also, the Commission's regulations pursuant to which these charges were processed (29 CFR Secs. 1601.50-1601.59) were assertedly violative of Appellant's right to due process.
 
 
 3
 We have considered the contentions made in brief and at bar and believe for the reasons stated by the District Judge in his oral opinion dated October 31, 1975 that they should not prevail in this case. In addition, we would note with respect to the attack on the Commission's procedures in accordance with section 2000e-5(d), that once notification and opportunity for deferral were provided to either the Maryland Commission on Human Relations or the Baltimore Community Relations Commission, the obligations imposed by the Act were satisfied.
 
 
 4
 Affirmed.
 
 
 
 *
 Sitting by designation